RECEIVED
AUG 1 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KOREY KENDELL WELSH, AS THE NATURAL FATHER OF HIS DECEASED MINOR CHILD, KOREY TAYLOR | CIVIL ACTION NO. 06-512 |
| VERSUS | JUDGE DOHERTY |
| JOHN L. MURRY, FIRST BAPTIST CHURCH OF NEW BRAUNFELS, and JERRY WHITE | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a Motion to Transfer Venue [Doc. 12] filed on behalf of defendants, John L. Murry and First Baptist Church of New Braunfels, arguing that this matter should be transferred to the Eastern District of Louisiana, on the grounds that there is currently pending a prior lawsuit arising out of the same accident. Both lawsuits purport to bring claims on behalf of the same deceased minor, Korey Taylor. Plaintiff opposes the motion. All briefing has now been completed and the motion has been taken under advisement.

The instant matter involves a claim for wrongful death and survival damages arising out of an automobile accident in Rayne, Louisiana, in which Korey Taylor was a guest passenger. The lawsuit pending before this Court has been brought by Korey Kendell Welsh, who purports to be the natural father of the minor child, Korey Taylor. The lawsuit was filed on March 27, 2006. Pending in the Eastern District is a lawsuit entitled <u>Betty Weaver, et al v. John L. Murry, et al</u>, bearing civil action number 06-595. That suit was filed on February 8, 2006 by Betty Weaver, purporting to be the "Lawful Heir of Her Deceased Daughter OWINDER TAYLOR, and Her Deceased Grandson,

KOREY TAYLOR" and others.

Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *See* The Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599 (5th Cir. 1999). The rule rests on principles of comity and sound judicial administration so that courts of coordinate jurisdiction in equal rank exercise care to avoid interference with each others affairs. Id. *See also* West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA; AFL-CIO, 751 F.2d 721 (5th Cir. 1985). Between federal district courts, the general principle is to avoid duplicative litigation. West Gulf at 728. Courts are to attempt to avoid duplication, "to avoid rulings which may trench upon the authority's sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Id. at 729. To avoid these ills, the Fifth Circuit has instructed that a district court may dismiss, stay or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another district court. Id.; Cadle Co., supra. "In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide whether it will try the case." Dillard v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 961 F.2d, 1148, 1161 n.28 (5th Cir. 1992) (quoting 909 Corp. V. Village of Bolingbrook Police Pension Fund, 741 F.Supp. 1290, 1292 (S.D.Tx. 1990)).

Because the Court finds that the case pending before it is related to and arises out of the same accident involved in the earlier filed suit pending in the Eastern District of Louisiana, defendants' Motion to Transfer is GRANTED. The Court finds it is in the interest of justice, judicial economy

and fairness that these cases be tried before a single judge.[1]

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 10 day of ~~July~~ August, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's only argument in opposition to the motion to transfer is that the Court should decide the pending motion to remand prior to the motion to transfer. Plaintiff cites the Court to no binding jurisprudence in support of his position, and he is certainly able to argue the merits of remand before the Eastern District Court where this matter was first filed.